# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

FRANKLIN WOODS,

        Petitioner,      :      Case No. 1:20-cv-618

  - vs -                            District Judge Timothy S. Black
                                    Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional
 Institution

                              :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

      This habeas corpus case is before the Court on Petitioner's Motion for discovery, labeled Motion to Amend (ECF No. 13).  Petitioner seeks to obtain cell phone records and social media accounts from the investigating social workers and Deputy Sheriff Chaffin, as well as video recordings and activity logs of those persons on relevant dates.

      A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought.  *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving

1

party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Woods does not point to anything specific in support of his claims that he expects to find in these requested recordings, but presumably he wants to show communication among them in the investigation of this case. However, the behavior of these persons in conducting the investigation has already been the subject of extensive testimony in the motion to suppress hearing. Woods is merely speculating that something useful would be found in these recordings without even suggesting what it would be or how it would undermine the Fourth District's findings of fact.

The purpose of discovery in any case is to find evidence to put before the Court in deciding the case. But in habeas corpus the court is strictly limited to the evidence that was before the state court, at least until a petitioner overcomes the hurdle of 28 U.S.C. § 2254(d). *Cullen v. Pinholster*, 563 U.S. 170 (2011).

The Magistrate Judge has this date recommended to District Judge Black that the Petition herein be dismissed. If that recommendation is overruled, the Magistrate Judge is prepared to reconsider discovery.

February 23, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge