# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

FRANKLIN WOODS,

            Petitioner,     :    Case No. 1:20-cv-618

   - vs -                            District Judge Timothy S. Black
                                                 Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional
  Institution

                                      :
            Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case, brought *pro se* by Petitioner Franklin Woods under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition (ECF No. 16).  The Warden has responded to Petitioner's Objections ("Response," ECF No. 22) and District Judge Black has recommitted the case for reconsideration in light of the Objections and Response (ECF No. 23).

      The first four Grounds for Relief in the Petition[1] all claimed error in the trial court's refusal to suppress Petitioner's statements allegedly obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).  Respondent defended these claims on the merits and argued that the decision on these claims by the Ohio Fourth District Court of Appeals was entitled to deference under the

---

[1] Ground One: Improper Interrogation Techniques; Ground Two: Error in Denial of Motion to Suppress; Ground Three: Inaccurate Factual Findings Regarding Statements Taken By Amber Stamper; and Ground Four: Randy Thompson and Amber Stamper Should Be Considered Law Enforcement Agents.

1

Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")(Return, ECF No. 8, PageID 1433, et seq.). The Report quotes that decision at length (Report, ECF No. 16, PageID 1489-96, quoting *State v. Woods,* 2018-Ohio-4588, ¶¶ 34-60 (Ohio App. 4th Dist. Nov. 7, 2018), appellate jurisdiction declined, 2019-Ohio-3731 (2019). The Report concluded Woods had not shown the Fourth District's decision was an objectively unreasonable application of any relevant Supreme Court precedent and recommended dismissal of these four grounds on that basis (ECF No. 16, PageID 1497).

Woods begins his Objections by arguing every confession, to be admissible, must be free of any promise, however slight (ECF No. 19, PageID 1566, citing *Bram v. United States*, 168 U.S. 532 (1897)). However, the Supreme Court itself has said "under current precedent [*Bram*]does not state the standard for determining the voluntariness of a confession". *Arizona v. Fulminante*, 499 U.S. 279, 285 (1991).

The Objections follow the citation of *Bram* with a lengthy "Statement of Facts," interspersed with legal argument on the first four grounds for relief (ECF No. 19, PageID 1567-1600). In these thirty-four pages, Woods makes innumerable assertions of fact, the vast majority of which have no record reference at all[2]. There are no record references to those statements of fact where there presumably exists some record evidence. For example, at the very outset he asserts "On November 15, 2015, Franklin Woods received a phone call from his then fiancé Samantha Best." *Id.* at PageID 1567. This presumably is something he or Ms. Best testified to, but he does not tell the Court where to find it in the record. This happens throughout the Statement of Facts section of the Objections. Midway through this section, Woods asks: "Shouldn't these

---

[2] Toward the end of this section, Woods makes some apparent references to the record. For example, at PageID 1597, he refers to "Supp. R. p. 59, 1[ines], 16-19."

honorable courts of our great country review the record of law and fact [?] . . . This matter should be reviewed by a federal court under [28] U.S.C.S. 2254(d)(2)." *Id.* at PageID 1574.

In ordering an answer in this case, Magistrate Judge Stephanie Bowman, to whom the case was originally referred, required that the State prepare the State Court Record for filing:

> Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number.

(Order for Answer, ECF No. 5, PageID 88). The State then prepared the Record and served a copy of it on Woods (See Certificate of Service at ECF No. 8, PageID 1460). Thus Woods was put in a position to comply with the record reference requirement, but has not provided a single record reference in the Objections which in fact complies, and few record references at all.

A habeas court must defer to state court findings of fact unless the petitioner shows that they are unreasonable determinations based on the evidence presented to those courts. In doing so it cannot hear new evidence. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Nor can it weigh or evaluate *de novo* the evidence presented in the state courts. Woods has failed to show the Fourth District's fact findings are unreasonable in light of the evidence with which it was presented. Even the evidence to which he has pointed in his Objections[3] does not establish that he was in custody within the meaning of *Miranda* when he made the admissions which the State relied on at trial. Woods' Objections as to the first four grounds for relief should be overruled.

In his Fifth Ground for Relief, Woods claims that his conviction is not supported by sufficient evidence. The Report noted that the Fourth District had applied the correct federal

---

[3] Assuming the record shows what he claims it shows, which is impossible to check without record references.

standard under *Jackson v. Virginia*, 443 U.S. 307 (1979)(ECF No. 16, PageID 1500-02, quoting *State v. Woods, supra*, at ¶¶ 61-71. In that section of its decision, the Fourth District noted that the victim had testified to both breast touching more than ten times and repeated digital penetration of her vagina. The jury had acquitted Woods of counts of the indictment which alleged more specific dates, times, and places. He argued this meant he could not be convicted on the less specific counts, but the Fourth District found no irreconcilable inconsistency. The Report accepted that conclusion as a not unreasonable application of Jackson. *Id.* at PageID 1503.

Woods objects that there was extensive testimony in the record from other persons who lived in the household at the time of the alleged crimes who testified it could not have happened as the victim claimed (Objections, ECF No. 19, PageID 1601-02). Weighing the credibility of witnesses is committed to the jury. A federal district court in habeas corpus cannot reweigh that credibility. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010). There is no doubt the victim testified to the sexual acts of which Woods was convicted. The Sixth Circuit has long held that the testimony of the victim alone is constitutionally sufficient to sustain a conviction. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008), *citing United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."); see also *O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (holding that victim's testimony that habeas petitioner abducted her and raped her was constitutionally sufficient to sustain conviction despite lack of corroborating witness or physical evidence); *United States v. Howard,* 218 F.3d 556, 565 (6th Cir. 2000) (holding that even if the only evidence was testimony of the victim, that is sufficient to support a conviction, even absent physical evidence or other corroboration); *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996) (noting that there is sufficient evidence to support a conviction even if the "circumstantial evidence does not remove

every reasonable hypothesis except that of guilt") (internal quotation marks omitted).

**Conclusion**

Petitioner's Objections are without merit and should be overruled. On that basis the Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 1, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

### NOTICE REGARDING RECORD CITATIONS#

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

>   (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**