# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

FRANKLIN WOODS,

        Petitioner,    :    Case No. 1:20-cv-618

- vs -    District Judge Douglas R. Cole
    Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional
  Institution

    :
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Summary Judgment on his Fifth Ground for Relief (ECF No. 38) which Respondent opposes (ECF No. 39).

A summary judgment motion is "dispositive" by rule and statute, requiring a report and recommended disposition from an assigned Magistrate Judge. Fed.R.Civ.P. 72(b), 28 U.S.C. 636(b).

Woods seeks summary judgment on Ground Five which reads simply "Woods' convictions were based on insufficient evidence and against the manifest weight of the evidence." (Petition, ECF No. 1, PageID 58). No statement of supporting facts is given in the Petition. In the Return of Writ, Respondent noted that a manifest weight claim is not cognizable in habeas corpus, but relied on the decision of the Fourth District Court of Appeals in analyzing and rejecting the insufficiency of evidence claim (Report and Recommendations, "Report," ECF No. 16, PageID 1500-02, quoting *State v. Woods*, 2018-Ohio-4588 (Ohio App. 4th Dist. Nov. 7, 2018)). The

Magistrate Judge's Report and Recommendations accepted that analysis, noted that Woods had not mentioned Ground Five in his Reply, concluded that the Fourth District had applied the correct federal standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), and recommended that this Court should defer to the Fourth District under 28 U.S.C. § 2254(d)(1)(Report at PageID 1502). In particular, the Report concluded "Analyzing the evidence recited by the Fourth District, the victim gave direct testimony to support the charges." *Id.*

The Report was filed February 23, 2021, just over two years ago. Woods filed at that time a thirty-nine page set of handwritten Objections (ECF No. 19). Respecting Ground Five, he conceded that the victim had testified to specific incidents, but noted that there was contradictory evidence on each of these from people who would have been present and that the jury found him not guilty of those specific incidents *Id.* PageID 1601.

In considering the Objections on recommittal from Judge Black, the undersigned noted the Fourth District's finding "that the victim had testified to both breast touching more than ten times and repeated digital penetration of her vagina." (Supplemental Report and Recommendations, ECF No. 24, PageID 1619). Against Woods' citation of testimony by others who would have been present, the Magistrate Judge noted "There is no doubt the victim testified to the sexual acts of which Woods was convicted" (i.e., breast touching and digital penetration). *Id.* The Supplemental Report cited precedent for a finding of guilt based on the testimony of the victim alone and that weighing credibility was for the jury. *Id.*

Woods now moves for summary judgment on Ground Five. To the extent his Motion constitutes additional objections to the Reports and Recommendations, it is untimely by almost two years and can be denied on that basis alone. Moreover, the Motion was filed without leave of Court long after the issues had been fully briefed.

The Motion is also without merit. Woods points to various places in the trial testimony

where the victim testified that Woods' sexual conduct of licking her vagina, or cunnilingus, occurred **after** September 27, 2002, when she turned thirteen.  But that is not the relevant sexual conduct of which Woods was convicted.  Nothing in his Motion refutes the finding of the Fourth District Court of Appeals that Woods touched her breasts and digitally penetrated her **before** her thirteenth birthday.  The jury evidently believed that testimony and that is sufficient for conviction.

Woods' Motion for Summary Judgment should be denied because it is untimely and because it is without merit.  The case remains before District Judge Cole for decision (See Order Reassigning Case (ECF No. 37)).

March 30, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge