### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**FRANKLIN WOODS,**

> **Petitioner,**

> **v.**

**WARDEN, WARREN**
**CORRECTIONAL INSTITUTION,**

> **Respondent.**

**Case No. 1:20-cv-618**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Merz**

### OPINION AND ORDER

Before the Court are Magistrate Judge Merz's February 23, 2021, Report and Recommendation (R&R, Doc. 16) and April 2, 2021, Supplemental Report and Recommendation (Suppl. R&R, Doc. 24), which recommend that the Court dismiss Petitioner Franklin Woods's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Supplemental R&R also recommends that the Court overrule Woods's Objections (Doc. 19) to the February 2021 R&R as failing to identify any error in the R&R's recommendation to dismiss his petition. Also before the Court is a March 30, 2023, Report and Recommendation (R&R, Doc. 40), which advises the Court to deny Woods's Motion for Summary Judgment (Doc. 38) as untimely and without merit.

For the reasons stated more fully below, the Court **ADOPTS** the February 2021 R&R and April 2021 Supplemental R&R (Docs. 16, 24), **OVERRULES** Woods's Objections to the February 2021 R&R and April 2021 Supplemental R&R (Docs. 19, 26), and **DISMISSES** his Petition (Doc. 1) **WITH PREJUDICE**. And the Court

**ADOPTS** the March 2023 R&R's (Doc. 40) conclusions for the simple reason that the Court **DENIES AS MOOT** Woods's Motion for Summary Judgment (Doc. 38). Accordingly, the Court **OVERRULES** his Objections to the March 2023 R&R (Doc. 41).

## BACKGROUND

Woods is an inmate at Warren Correctional Institution. He is serving an indeterminate sentence of 32.5 years to life for a conviction on state charges. (Doc. 1, #64). The underlying indictment in his state case charged Woods with four counts of fourth-degree felony gross sexual imposition (Counts One through Four), four counts of third-degree felony gross sexual imposition (Counts Five through Eight), six counts of first-degree felony rape (Counts Nine, Ten, Twelve, Fourteen, Fifteen, and Seventeen), three counts of second-degree felony sexual battery (Counts Eleven, Thirteen, and Sixteen), and one count of third-degree felony sexual battery (Count Eighteen).[1] (State Ct. R., Doc. 7, #105–16). The state also filed an additional information charging him with a count of third-degree gross sexual imposition. (*Id.* at #94–95). All of these charges stemmed from allegations that he had repeatedly engaged in sexual misconduct with his underage daughter throughout her childhood. (*Id.* at #399–402).

---

[1] The eight counts of felony gross sexual imposition in the indictment (Counts One through Eight) pertained to four separate occasions Woods engaged in illicit sexual conduct: four allegedly occurring with force and four allegedly occurring without force. (Doc. 7, #109). "It was the intention of the grand jury to issue four 'pairs' of indictments, so that four incidents of Gross Sexual Imposition are alleged." (*Id.*).

Before charges were brought, Woods voluntarily attended a meeting with children's services to implement a safety plan. Children's services called the meeting after his daughter informed school personnel of Woods's illicit behavior and after her stepmother removed her from Woods's home. (Doc. 7-1, #1227–28, 1231–33, 1264). During the meeting, Woods made several inculpatory statements in which he admitted to having engaged in sexual contact with and penetration of his underage daughter. (*Id.* at #533, 559, 599, 1268). Before trial, Woods moved to suppress these inculpatory statements. (Doc. 7, #139). After a suppression hearing, the trial court denied the motion. (*Id.* at #173). The court acknowledged that Woods made two of the contested statements to children's services employees Amber Stamper and Randy Thompson before he received *Miranda* warnings.[2] (*Id.* at #171–72). As for the third,[3] Woods made the inculpatory statement after receiving *Miranda* warnings from Deputy Sheriff Brian Chaffins, who joined his ongoing conversation with Stamper and Thompson, and after waiving his *Miranda* rights. (Doc. 7, #171; Doc. 7-1, #603). But Woods contended that he made that third statement in response to Chaffin's continued questioning after Woods had invoked his right to remain silent. (Doc. 7, #136–37). And, as to all three statements, Woods claimed they were involuntarily

---

[2] The first contested inculpatory statement refers to Woods informing Stamper that he was not denying his daughter's allegations that he had inappropriately touched her. (Doc. 7-1, #533). The second contested statement refers to Woods's admission during Thompson's questioning that he had engaged in specific acts of sexual misconduct with his daughter as well as his descriptions of those acts. (*Id.* at #559).

[3] This last inculpatory statement refers to Woods's descriptions of having fondled his daughter and performed oral sex on her that he gave to Deputy Sheriff Brian Chaffins, after the latter had arrived at the children's services office to question Woods. (Doc. 7-1, #599).

3

elicited in the context of a custodial arrest via an impermissible two-step interrogation technique in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004).[4] (Doc. 7, #121–35). The court, however, found that Woods's arguments about the statements were non-starters because (1) he was not subject to a custodial arrest when he made the incriminating statements to Stamper and Thompson, and (2) he knowingly and voluntarily executed his *Miranda* waiver after Chaffins arrived. (*Id.* at #171–73). Thus, neither *Miranda* nor *Seibert*, which grows out of *Miranda*, applied. (*Id.*).

After a trial at which his statements were introduced, the jury convicted Woods of first-degree felony rape and five counts of third-degree gross sexual imposition and acquitted him on the other counts. (*Id.* at #169–90). Woods appealed challenging the denial of his motion to suppress on several grounds: that his statements to Stamper and Thompson were elicited during a custodial interrogation without the proper *Miranda* warnings, the overall interrogation violated *Seibert*, the trial court made factual errors regarding the inculpatory statement he made to Stamper, and law enforcement elicited Wood's post-*Miranda* statement (the third challenged statement) in violation of his purported invocation of the right to remain silent. (*Id.* at #292–93). Woods also argued his convictions were based on insufficient evidence

---

[4] The two-step interrogation technique proceeds as follows: an officer elicits un-*Mirandized* inculpatory statements from a suspect during a custodial interrogation, pauses to deliver a suspect his *Miranda* warnings and to obtain a waiver of his *Miranda* rights, and then elicits the same inculpatory statements from the now-*Mirandized* suspect using the un-*Mirandized* answers given during the first half of the interrogation. *Seibert*, 542 U.S. at 609–11 (plurality). The Supreme Court found this technique constitutionally impermissible because it "render[s] *Miranda* warnings ineffective by waiting for a particularly opportune time to give them, after the suspect has already confessed." *Id.* at 611; *accord id.* at 620–21 (Kennedy, J., concurring in judgment).

and were against the manifest weight of the evidence. (*Id.*). The Ohio Court of Appeals for the Fourth District rejected Woods's arguments and affirmed his convictions. *State v. Woods*, 122 N.E.3d 586 (Ohio Ct. App. 2018). The Supreme Court of Ohio declined to accept jurisdiction over his appeal on September 17, 2019. (Doc.7, #510). He did not seek review in the United States Supreme Court.

On August 10, 2020, Woods timely filed his § 2254 habeas corpus petition. In it, he challenged the state courts' determinations regarding his motion to suppress and his convictions by raising five specific claims of error: that (1) the motion to suppress should have been granted pursuant to *Seibert*; (2) Woods's alleged assertion of his right to remain silent was not respected; (3) the state court made erroneous factual findings about the inculpatory statement Woods made to Stamper; (4) Stamper and Thompson should have been classified as law enforcement officers (thus making it more likely that *Miranda* warnings were necessary during their questioning of him); and (5) Woods's convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.[5] (Doc. 1, #58, 68–73).

After requesting the State to file a Return of Writ (Doc. 5), and receiving one (Doc. 8), the Magistrate Judge issued the first R&R recommending dismissal of Woods's petition with prejudice, (Doc. 16, #1503–04). Woods objected. (Doc. 19). The then-assigned Judge issued a Recommittal Order requesting the Magistrate Judge to

---

[5] Although Woods does not list the fifth claim of error as a separate basis for habeas corpus relief, he does contend that his convictions lacked sufficient evidentiary support and were against the manifest weight of the evidence at several points in his petition. (Doc. 1, #53–54, 57–58). As a *pro se* petitioner, this is enough to raise the issue for the Court's review. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985).

5

reconsider his recommendations in light of Woods's objections. (Doc. 23). That led to the Supplemental R&R, which again recommended that the Court dismiss Woods's petition with prejudice. (Doc. 24, #1620). Woods nominally filed additional objections, but the filing stated only that Woods had difficulty accessing the law library during the COVID-19 pandemic. (Doc. 26, #1712). The same day, Woods filed a Motion to Amend or Expand Petition (Doc. 25), which was granted to the extent that the motion "provides record references supportive of Petitioner's claims," which references "can be considered along with the Objections," (4/14/21 Not. Order).

After the case was reassigned to the undersigned, (Doc. 37), Woods moved for summary judgment claiming that he is entitled to a writ of habeas corpus on the fifth ground raised in his petition—that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence (Doc. 38). After the State filed its opposition (Doc. 39), the Magistrate Judge issued the March 2023 R&R regarding Woods's motion. (Doc. 40). There, he recommended that the Court deny the motion as untimely and without merit. (*Id.* at #1823). Woods again objected (Doc. 41), and the State responded (Doc. 42).

The matters are ripe for the Court's review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a report and recommendation de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was

6

made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's *de novo* review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Woods is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

The Magistrate Judge split Woods's grounds for habeas relief into two camps. First, there are Woods's contentions regarding his motion to suppress—grounds one through four. (Doc. 16, #1488–97; Doc. 24, #1616–18). Then, the Magistrate Judge separately considered Woods's fifth ground for habeas corpus relief, which related to the sufficiency of the evidence adduced at trial and whether such evidence supported his convictions. (Doc. 16, #1497–503; Doc. 24, #1618–19). The Court will follow suit and review Woods's grounds for habeas relief using that grouping.

Before delving into the Magistrate Judge's analysis, the Court notes that the standards imposed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to all grounds for habeas relief that Woods raised in his petition. Under AEDPA, a habeas petitioner must exhaust all of his "constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes raising such an issue in a petition for discretionary review in the state's highest court. *Id.* However, even if a petitioner fails to exhaust his bases for habeas relief by fully utilizing a state court's entire review process, AEDPA expressly permits a court to "elect [instead] to

deny relief [for the unexhausted claims] on [the] merits." *Hanna v. Ishee*, 694 F.3d 596, 610 (6th Cir. 2012) (citing 28 U.S.C. § 2254(b)(2)).[6]

A federal habeas court's review of a state court's decisions regarding the same claims is highly deferential. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court must be granted a deference and latitude."). Namely, habeas relief is merited only if the state court's decision is either contrary to clearly established federal law as outlined in holdings of the Supreme Court or constitutes an unreasonable application of such law. *Id.* at 100 (quoting 28 U.S.C. § 2254(d)(1)). And a federal court sitting in habeas must defer to a state court's factual findings unless that court's factual determinations were unreasonable in light of the record before it. *Id.* (quoting 28 U.S.C. § 2254(d)(2)).

With the AEDPA standards defined, the Court turns to the merits.

---

[6] Here, the Magistrate Judge could have declined to reach the merits of some of Woods's grounds for habeas relief for not raising them in his petition for review in the Supreme Court of Ohio. (Doc. 7, #457–70 (challenging only whether Woods was subject to a custodial arrest when he made inculpatory statements to Thompson and whether his statements were elicited via an impermissible two-step interrogation in violation of *Seibert*)). Under the caselaw, the claims that were not raised were not properly exhausted. *O'Sullivan*, 526 U.S. at 845. That said, the decision to analyze each ground for relief on the merits is supported by *Hanna*, 694 F.3d at 610, and permitted by AEDPA's plain terms, 28 U.S.C. § 2254(b)(2). As a result, this mode of disposing of Woods's habeas petition is proper, especially where, as here, the Magistrate Judge's "disposition of [Woods]'s claim[s]"—that is to say, his rejection of each of Woods's grounds for habeas relief as meritless in light of the Fourth District's analysis of each claim—would be unaffected by a "deci[sion on] th[e] exhaustion issue." *Smith v. Nagy*, 962 F.3d 192, 204 (6th Cir. 2020). For this reason, the Court will similarly analyze the merits of Woods's grounds for habeas relief and his related objections to the Magistrate Judge's recommendations regarding his petition.

A.    **Woods's Motion to Suppress Inculpatory Statements**

The Magistrate Judge recommends finding Woods's claims of error related to the denial of his motion to suppress inculpatory statements he made to Stamper, Thompson, and Chaffins meritless. (Doc. 16, #1497; Doc. 24, #1616–18). To support this analysis, the Magistrate Judge quoted at length from the Fourth District opinion in Woods's direct appeal, which considered and rejected each of the arguments he now raises. (Doc. 16, #1489–96).

1.    **Woods's arguments about his custodial arrest and *Seibert*.**

First, the Fourth District tackled Woods's argument about his claimed custodial arrest by Stamper and Thompson and the two-step interrogation to which he was allegedly subjected by Thompson and Chaffins in violation of *Seibert*. *Woods*, 122 N.E.3d at 595–99. The Fourth District highlighted *Seibert*'s analysis of why providing *Miranda* warnings in the middle of an ongoing custodial interrogation impermissibly undermines a suspect's *Miranda* rights. *Id.* at 595. But it noted that for *Seibert* (and by implication *Miranda*) to apply, Woods initially needed to have been interrogated while subject to a custodial arrest. *Id.* Based on the record before it, the Fourth District determined that the two children's services employees (Thompson and Stamper) who initially interviewed Woods were not law enforcement officers or acting at the direction of such officers, which supported a finding that Woods was not subject to a custodial arrest when he made the relevant un-*Mirandized* inculpatory statements. *Id.* at 597. The court noted that Woods had identified no evidence at the suppression hearing supporting his theory that either

10

had acted under the supervision of law enforcement when they interviewed Woods. *Id.* at 598. Moreover, Stamper was simply a children's service employee. *Id.* at 590, 598. And although Thompson worked part-time as a police officer in another city, he had no law enforcement authority over Woods in his capacity as a children's services employee. *Id.* at 597. In addition, Thompson was not in uniform during the interview, and no evidence was adduced at the suppression hearing to suggest that Woods knew that Thompson was a police officer or believed him to be one. *Id.* at 597–98.

Furthermore, not only did the Fourth District find a lack of evidence supporting Woods's theory that he was subject to a custodial arrest because Stamper and Thompson were law enforcement officers, but it also found that nothing about the interview would have made a reasonable person in his situation believe he was not free to leave. *Id.* at 596–97. The Fourth District highlighted the relevant circumstances: the interrogation did not occur at a police station, Woods voluntarily attended the meeting, there were no physical restraints imposed on Woods, evidence suggested that Woods's daughter was already removed from his home before he was asked to attend the meeting (i.e., he was not coerced into attending by threat of having his daughter taken from his custody), and Woods was informed that he did not need to participate in the interview. *Id.* Based on the totality of the circumstances adduced at the suppression hearing, the Fourth District found that Woods was not subject to a custodial arrest when he spoke with Stamper and Thompson and thus did not need to be given *Miranda* warnings during those interviews. *Id.* at 598. And by necessary implication, as a result, the Court found that Chaffins's issuance of

11

*Miranda* warnings after Woods made his un-*Mirandized* incriminating statements did not constitute a "midstream" warning requiring suppression of his post-*Miranda* inculpatory statements under *Seibert*.[7] *Id.* at 595, 598.

Based on this analysis, which negates Woods's first (that any of his statements were elicited in violation of *Seibert*) and fourth (that Stamper and Thompson were law enforcement officers who arrested Woods) grounds for habeas relief, the Magistrate Judge recommended finding that Woods "has not shown that the [Fourth District's] decision is an objectively unreasonable application of the relevant Supreme Court precedent." (Doc. 16, #1497). And in response to Woods's first set of objections, (Doc. 19), the Magistrate Judge reaffirmed this recommendation in the Supplemental

---

[7] The Fourth District never affirmatively established whether the facts demonstrated that Woods was in custody when Chaffins arrived at the children's services office to conduct his portion of the interview. Admittedly, its analysis of Woods's argument about his claimed invocation of his right to remain silent on the merits, *see infra* Section A.3, implies the Fourth District concluded Chaffins's interview was custodial. *Tolliver v. Sheets*, 594 F.3d 900, 916 (6th Cir. 2010) ("Under the Fifth Amendment, a suspect is guaranteed the right to remain silent … during a *custodial* interrogation." (emphasis added)). But the Fourth District never clearly articulated its position on this issue.

Nevertheless, whether Woods was in custody when he answered Chaffins's questions is irrelevant to the question whether *Seibert* required suppression of Woods's inculpatory statement to Chaffins. This is because when the Fourth District concluded Woods was not in custody when he spoke with Stamper and Thompson, it was also concluding that *Seibert* did not apply to Woods's statements to Chaffins. There was no two-step interrogation to speak of regardless whether Woods was in Chaffins's custody. Put another way, if Woods were never in custody, whether before or after Chaffins arrived, the interrogation did not require *Miranda* warnings, thereby rendering *Seibert* inapplicable. *Hoffner v. Bradshaw*, 622 F.3d 487, 511 (6th Cir. 2010). And were Woods subject to a custodial interrogation when he knowingly waived his *Miranda* rights and spoke to Chaffins, *Woods*, 122 N.E.3d at 599, that interview could not be a part of a two-step custodial interrogation aimed at circumventing *Miranda* because Woods was not initially in custody when he made incriminating statements to Stamper and Thompson. *United States v. McConer*, 530 F.3d 484, 496 (6th Cir. 2008) (holding that because a suspect was not in custody when he made his first incriminating statement, "there [wa]s no *Miranda* problem with the admission of the [incriminating] statements" the suspect had made *after* he was given his *Miranda* warnings and had waived those rights).

R&R because "Woods ha[d] failed to show [in his objections that] the Fourth District's fact[ual] findings [we]re unreasonable in light of the evidence with which it was presented." (Doc. 24, #1618).

Woods nominally filed additional objections to the Supplemental R&R. (Doc. 26). But as noted above, this filing stated only that Woods struggled to access the prison law library during the COVID-19 pandemic. (*Id*. at #1712). And while Woods also provided additional citations to the record in the filing he labelled as a Motion to Amend, (Doc. 25), this filing does not once reference the R&R or Supplemental R&R, primarily quotes from the record already before the Court, simply repeats arguments Woods made before the Magistrate Judge, and demands an "independent review" of the record. (Doc. 25, #1673). These general objections and attempts to reiterate what has already been argued to the Magistrate Judge do not constitute proper objections to an R&R. *Brown v. Hamilton Cnty.*, 1:19-cv-969, 2022 WL 2816266, at *2 (S.D. Ohio July 19, 2022). So the Court will review the R&R and Supplemental R&R only for clear error on these issues. And it sees no such clear error here.

The Magistrate Judge correctly identified that under AEDPA, federal courts must defer to reasonable factual determinations and to legal determinations that are not inconsistent with clearly established Supreme Court holdings. (Doc. 16, #1496–97; Doc. 24, #1618). And here, the Fourth District correctly stated the standard for custodial arrests and reasonably applied that standard to the facts before it. *Woods*, 122 N.E.3d at 595–97. And the Court finds the Magistrate Judge did not clearly err in concluding that the Fourth District's factual findings were reasonable on the record

before it. (*E.g.*, Doc. 7-1, #523–24 (Woods's daughter was taken to her grandmother's before Stamper contacted Woods to meet her), 526 (Stamper testified that Woods was cooperative and expressed willingness to come to the children's services office to sign a safety plan), 558–60 (Thompson did not wear a uniform, had no authority to arrest Woods, and did not restrict his ability to leave), 561 (Thompson told Woods that he did not need to do the interview)).

As a result, the Court agrees that under the AEDPA standard of review, a federal habeas court cannot overturn the state court's decision rejecting Woods's arguments that (1) his inculpatory statements to Stamper and Thompson should have been suppressed as having been elicited during a custodial arrest and (2) all of his inculpatory statements should have been suppressed as having been elicited during a two-step interrogation technique in violation of *Seibert. Harrington*, 562 U.S. at 100 (citing 28 U.S.C. § 2254(d)(1)–(2)).

### 2.    Woods's argument about his inculpatory statement to Stamper

Next, the Fourth District turned to Woods's argument that his inculpatory statement to Stamper must be suppressed because the state trial court made factual errors about *what* Woods told Stamper. *Woods*, 122 N.E.3d at 598–99. The Fourth District held in relevant part:

> Finally, Woods claims that the trial court's findings regarding the statements he made to social worker Stamper were factually inaccurate and not supported by the record. The state does not deny that the trial court's findings were inaccurate, but argues that the error was harmless. The trial court erroneously found that Woods made statements admitting specific instances of sexual abuse to Stamper; he actually made these statements to Thompson. He only told Stamper he

14

was not denying her general summary that his daughter had indicated he was inappropriately touching her.

Nevertheless, we agree with the state that this mistake was harmless because the trial court's suppression ruling was not dependent on when Woods made more detailed incriminating statements. The trial court's conclusion that Woods was not subjected to custodial interrogation when he spoke to Stamper and Thompson was not dependent on that fact. Therefore, we overrule Woods's first assignment of error.

*Id.*

Just as with Woods's other grounds, the Magistrate Judge recommended rejecting this basis for habeas relief. Specifically, the Magistrate Judge found that Woods failed to show how the Fourth District's analysis was an unreasonable application of Supreme Court caselaw to the record before it: that the trial court made a minor factual error about what Woods told Stamper did not affect its calculus as to whether he had been in custody at the time. (Doc. 16, #1497; Doc. 24, #1618).

As noted above, while Woods nominally filed objections, (Docs. 25, 26), the arguments presented do not constitute proper objections to either the R&R or the Supplemental R&R. *Brown*, 2022 WL 2816266, at *2. Thus, the Court reviews the Magistrate Judge's analysis of this issue for clear error. And again, the Court finds none. The detail with which Woods described his sexual misconduct did not inform the state courts' assessment whether a reasonable person in Woods's position at the children's services office would not feel free to leave, (Doc. 7, #170–73). *Woods*, 122 N.E.3d at 598–99. Hence, the factual error was harmless because it did not prejudicially impact the suppression analysis. *Davis v. Ayala*, 576 U.S. 257, 267 (2015).

15

So the Court finds the Magistrate Judge did not clearly err in recommending that the Court reject Woods's third ground for habeas relief as meritless.

### 3. Woods's argument about his right to remain silent

The Fourth District then turned to Woods's argument that Chaffins did not respect Woods's right to remain silent.[8] *Woods*, 122 N.E.3d at 599–600. Here, Woods refers to this exchange he had with Chaffins after waiving his *Miranda* rights:

> Chaffins: Do you care to talk about what's going on?
>
> Woods: I said everything I needed to say already. I'm under arrest. I've already said everything. Am I under arrest?
>
> Chaffins: I'm just here to question you. That's it. I don't know what's going on. All I know is your daughter made an allegation and children services were trying to clear that up and then I have been brought into the mix of it. I'm here to get your side of the story. I haven't talked to your daughter yet. I talked briefly to children services but not enough to get the whole story. I just wanted to see what your, a lot of times it's easier to just cut to the chase and talk to the person directly.

*Id.* at 599.

Woods contends that Chaffins's decision to continue to question him following this exchange failed to respect his invocation of the right to terminate the interrogation. (Doc. 1, #35–41). The Fourth District cited the Supreme Court's standard requiring that the invocation of the right to remain silent must be "unambiguous or unequivocal" because if it is "ambiguous or equivocal … the police

---

[8] As noted above, the Fourth District did not affirmatively find that Woods was in custody when Chaffins arrived, but it appeared to assume that he was because it analyzed Woods's argument on the merits. *See supra* note 7. After all, "for *Miranda* to apply, the suspect must [] be actually taken into custody." *United States v. Salvo*, 133 F.3d 943, 948 (6th Cir. 1998); *Michigan v. Mosley*, 423 U.S. 96, 104 (1975) ("[T]he admissibility of statements obtained after the person *in custody* has decided to remain silent depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.'" (emphasis added)).

16

are not required to end the interrogation, or ask questions to clarify whether the accused wanted to invoke his or her *Miranda* rights." *Woods*, 122 N.E.3d at 599 (first quoting *Davis v. United States*, 512 U.S. 452, 461 (1994), and then quoting *State v. Lawson*, No. 14CA20, 2015 WL 6395932, at *6 (Ohio Ct. App. Oct. 8, 2015) (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010))). And it found that, in context, Woods's statement was not an unequivocal invocation of his right to remain silent. Namely, he had just completed an interrogation with Thompson, which reasonably supported an interpretation of Woods's statement as informing Chaffins that the account Woods previously gave to Thompson was complete. *Id.* at 592, 599–600. As a result, the Fourth District found that Chaffins was not required to terminate his interrogation of Woods under *Miranda*. *Id.* at 600. Because the Magistrate Judge found that Woods had failed to show how the Fourth District's analysis constituted an unreasonable application of Supreme Court law to the record before it, the R&R and the Supplemental R&R recommended rejecting this basis for habeas relief. (Doc. 16, #1497; Doc. 24, #1617–18). As Woods's nominal objections to the Supplemental R&R (Docs. 25, 26) do not validly invoke the Court's de novo review of the Magistrate Judge's analysis, *Brown*, 2022 WL 2816266, at *2, the Court reviews for clear error.

There is no clear error in the determination that the Fourth District reasonably applied Supreme Court caselaw and made reasonable findings of fact. The Fourth District cited the correct legal standard and reasonably concluded based on the evidence before it (i.e., its transcription of the relevant portions of Woods's exchange with Chaffins) that Woods had failed to invoke his right to remain silent in an

17

unequivocal and unambiguous manner. *Cf. Taylor v. Jackson*, No. 17-1762, 2017 WL 6762416, at *4–*5 (6th Cir. Dec. 14, 2017). That is to say, in the context of Chaffins having stepped in to speak with Woods after he had finished his interrogation with Thompson, Woods's statement that he had said all he needed to say could reasonably be interpreted to mean that he did not feel that further elaboration would add anything to the statement already given—not that he wanted the interrogation to stop. *Bird v. Brigano*, 295 F. App'x 36, 38–39 (6th Cir. 2008) (explaining that in the context of the habeas petitioner's reference during his police interrogation to a witness list and those witnesses' statements incriminating him, his assertions to a third investigator who had entered the room over thirty minutes after his interrogation began that "[e]verything's right there in the paper" and that he was "done talking about it" could reasonably be deemed "an act of frustration, not an attempt to end the interview").

So the Court finds that the Magistrate Judge did not clearly err in recommending rejection of Woods's second grounds for habeas relief as meritless.

## B.    Sufficiency of the Evidence to Support Woods's Convictions

Last, the Magistrate Judge reviewed Woods's fifth grounds for habeas relief: his claims that his convictions were against the manifest weight of the evidence and were not supported by sufficient evidence. (Doc. 16, #1497–503; Doc. 24, #1618–19).

The Magistrate Judge first noted that a manifest weight of the evidence claim is not cognizable as a federal habeas claim. (Doc. 16, #1497). Woods has not contested this statement of law in any of his filings—nor could he. *Taylor v. Buchanan*, No. 20-

3120, 2020 WL 7586967, at *3 (6th Cir. June 30, 2020) (citing *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1976)). Thus, there is no clear error in the recommendation that the Court reject Woods's manifest weight of the evidence claim.

Woods's sufficiency of the evidence claim, by contrast, is at least cognizable in habeas. But the Magistrate Judge found it meritless. In doing so, he again quoted at length from the Fourth District's opinion detailing the standard for evaluating a sufficiency of the evidence claim and explaining what evidence would permit a jury to find Woods guilty of the convicted offenses. (Doc. 16, #1500–02). The Fourth District correctly cited the standard the Supreme Court set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), which requires a court reviewing the sufficiency of the evidence to "view[] the evidence in a light most favorable to the prosecution" and to ask whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Woods*, 122 N.E.3d at 600 (quoting *State v. Maxwell*, 9 N.E.3d 930, 965–66 (Ohio 2014)). And then it stated that although the "jury found [Woods] not guilty of the counts [in the indictment] that were based upon two *fact-specific* incidents[,] … [his argument that] it could not convict him of the counts based upon more general factual assertions" lacked merit. *Id.* at 601. As the Fourth District explained, the crimes for which Woods was convicted did not require proof beyond a reasonable doubt of "the exact date and time of [the] offense[s]"—the State needed to prove only that "the offense[s] charged occurred within a reasonable time in relation to the dates fixed in the indictment." *Id.* at 601–02 (quoting *State v. Neal*, 57 N.E.3d 272, 280 (Ohio 2016)) (collecting other cases). And the Fourth District

highlighted trial testimony from the victim that Woods "touched her breasts more than ten times and touched the inside of her vagina every time he came into her bedroom before she was 13," as well as his own inculpatory statements that he had inappropriately engaged in sexual conduct with her. *Id.* at 602. The Fourth District concluded that, viewing this evidence in the light most favorable to the prosecution, the jury would have had ample evidence to find Woods guilty of rape and gross sexual imposition of a victim who was less than thirteen years old. *Id.* at 602.

Woods's contention in his habeas petition is the same contention he raised in his direct appeal: that the crimes for which he was convicted were not proven beyond a reasonable doubt because the jury did not have evidence that the inappropriate sexual acts of which he was accused occurred at a specific time or specific location. (Doc. 19, #1600–02). The Magistrate Judge recommended rejecting this basis for habeas relief because the Fourth District correctly applied clearly established federal law and because Woods's victim's testimony about Woods's sexual acts, which clearly supported the rape and gross sexual imposition charges, was "constitutionally sufficient to sustain [the] conviction[s]." (Doc. 16, #1502–03 (collecting Sixth Circuit cases that held as such); Doc. 24, #1619 ("There is no doubt the victim testified to the sexual acts of which Woods was convicted.")). Again, Woods's nominal objections to the Supplemental R&R (Docs. 25, 26) are non-specific and therefore constitute a forfeiture of the Court's de novo review of the Magistrate Judge's analysis under the caselaw. *Brown*, 2022 WL 2816266, at *2. So the Court reviews for clear error.

And again, the Court sees no clear error here. As the Magistrate Judge noted, the Fourth District applied the correct standard for sufficiency of the evidence claims as laid out in *Jackson*—Woods has failed to explain how this is contrary to clearly established federal law. *Woods*, 122 N.E.3d at 600. And as the Magistrate Judge noted, the Fourth District reasonably construed the evidence before the jury, and in particular Woods's victim's testimony, in the light most favorable to the prosecution to find that there was constitutionally sufficient evidence to sustain his convictions. *Phillips v. Vashaw*, No. 20-1280, 2020 WL 5758680, at *1 (6th Cir. July 30, 2020) (holding that an underage victim's testimony about the sexual assault was "alone [] constitutionally sufficient to sustain [the habeas petitioner's] conviction" for sexual penetration of a minor, which meant his sufficiency of the evidence claim lacked merit (quoting *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008))). The Court finds no clear error in the Magistrate Judge's finding that the Fourth District reasonably applied the law and made reasonable factual findings based on the record before it. The Court's job on habeas review is to "defer to the state appellate court's sufficiency determination as long as it is not unreasonable," even if it would have "conclude[d] that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt" were it to have evaluated the case on direct appeal. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphases removed). Here, the Court agrees it must defer to the Fourth District's determinations. That means the Magistrate Judge did not clearly err in concluding that the Fourth District's legal analysis and factual findings were reasonable.

So the Court adopts the recommendation that it reject Woods's fifth grounds for habeas relief as meritless.

* * *

Altogether, the Court finds that although Woods has nominally filed objections to the Magistrate Judge's analysis, none of those objections validly invoke the Court's de novo review. They are general objections that simply repeat arguments made to the Magistrate Judge. *Brown*, 2022 WL 2816266, at *2. And the Court finds that there is no "clear error on the face" of either the R&R or Supplemental R&R. Fed. R. Civ. P. 72(b) (advisory committee notes). So the Court agrees with the Magistrate Judge's conclusions that none of Woods's claims merit habeas relief and that his Petition (Doc. 1) must be dismissed with prejudice.[9] And for similar reasons that lead the Court to find that the Magistrate Judge's analysis is not clearly erroneous, the Court concludes that "jurists of reason would [not] find it debatable" that Woods's habeas petition is constitutionally meritless, which means he is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c). *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**CONCLUSION**

Accordingly, the Court **ADOPTS** the February 2021 R&R and April 2021 Supplemental R&R (Docs. 16, 24), **OVERRULES** Woods's Objections to the February

---

[9] Because the Court adopts the Magistrate Judge's R&R and Supplemental R&R and dismisses Woods's § 2254 petition with prejudice, Woods's motion for summary judgment on his fifth ground for habeas relief necessarily lacks merit. So the Court **ADOPTS** the March 2023 R&R's (Doc. 40) conclusions, **OVERRULES** Woods's Objections to the March 2023 R&R (Doc. 41), and **DENIES AS MOOT** Woods's Motion for Summary Judgment (Doc. 38).

2021 R&R and April 2021 Supplemental R&R (Docs. 19, 26), and **DISMISSES** his Petition (Doc. 1) **WITH PREJUDICE**. And the Court **ADOPTS** the March 2023 R&R's (Doc. 40) conclusions for the simple reason that the Court **DENIES AS MOOT** Woods's Motion for Summary Judgment (Doc. 38). Thus, the Court also **OVERRULES** his Objections to the March 2023 R&R (Doc. 41). The Court also **DENIES** Woods a certificate of appealability under 28 U.S.C. § 2253(c).

The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

October 12, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**