# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

FRANKLIN WOODS,

        Petitioner,    :    Case No. 1:20-cv-618

  - vs -        District Judge Douglas R. Cole
                Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional
  Institution

                :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion to Alter or Amend the Court's Judgment of October 12, 2023 ("Motion," ECF No. 48). As a post-judgment motion, it requires a report and recommended decision from the Magistrate Judge to whom the case has been referred.

Petitioner brings the Motion under Fed.R.Civ.P. 59(e). For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). Woods makes his claim under the fourth prong of this standard; he asserts failure to amend the judgment will result in a "manifest injustice." (Motion, ECF No. 48, PageID 1870, 1871, 1872, 1895, 1907).

1

Woods' Motion asks the Court to reconsider its rulings that (1) the persons who obtained his confession did not violate the Fifth Amendment as interpreted by the Supreme Court in *Missouri v. Seibert*, 542 U.S. 600, 609 (2004)(Motion, ECF No. 48, PageID 1871-97); (2) he was convicted on constitutionally sufficient evidence as measured by *Jackson v. Virginia*, 443 U.S. 307 (1979). *Id.* at PageID 1897-1907. Having reconsidered those rulings in light of the Motion, the Magistrate Judge finds that each of the issues Petitioner raises was thoroughly considered in the Report and Recommendations and found to be without merit.

Determination of whether Petitioner was subjected to a custodial interrogation before being given *Miranda* warnings required the Fourth District Court of Appeals both to weigh the credibility of witnesses and apply the *Missouri v. Seibert* decision. Weighing credibility rarely gives ironclad indisputable findings, but the findings here were not unreasonable under 28 U.S.C. § 2254(d)(2). Analogical reasoning rarely provides indisputable results, but the results here were not an unreasonable application of *Seibert*.

Motions under Fed.R.Civ.P. 59(e)(2) allow a court to reconsider prior decisions, but courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. Here Petitioner repeats arguments already made at length and considered at length in two reports and recommendations and by Judge Cole in his decision. Further extensive writing on these issues is not warranted.

The Motion to Alter or Amend should be denied.

November 8, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
