UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKLIN WOODS,

     Petitioner,

     v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

     Respondent.

Case No. 1:20-cv-618

JUDGE DOUGLAS R. COLE
Magistrate Judge Merz

## OPINION AND ORDER

Before the Court are Petitioner Franklin Woods's Motion to Alter or Amend Its Oct 12, 2023 Judgment (Doc. 48) and Magistrate Judge Merz's November 8, 2023, Report and Recommendation (R&R, Doc. 49), which recommends that the Court deny the motion. For the reasons stated briefly below, the Court **ADOPTS** the R&R (Doc. 49), **OVERRULES** Woods's Objections (Doc. 52), and **DENIES** Woods's Motion to Alter or Amend Its Oct 12, 2023 Judgment (Doc. 48).

## BACKGROUND[1]

Woods is an inmate at Chillicothe Correctional Institution. He is serving an indeterminate sentence of 32.5 years to life for a conviction on state charges arising from having repeatedly engaged in sexual misconduct with his underage daughter throughout her childhood. (Doc. 1, #64; State Ct. R., Doc. 7, #399–402). On November 10, 2016, an Ohio state court jury convicted him of first-degree felony rape and five

---

[1] For a detailed account of the relevant background, see the Court's previous Opinion and Order. (Doc. 46, #1846–50).

counts of third-degree gross sexual imposition. (*Id*. at #169–90). After unsuccessfully seeking appellate review of his convictions, as well as of the trial court's earlier denial of his motion to suppress his confession, *State v. Woods*, 122 N.E.3d 586 (Ohio Ct. App. 2018), Woods timely filed his § 2254 habeas corpus petition in this Court on August 10, 2020. (Doc. 1). In it, he challenged the state courts' rulings on his motion to suppress and his convictions. In all, he raised five specific claims of error: that (1) the motion to suppress should have been granted pursuant to *Missouri v. Seibert*, 542 U.S. 600 (2004); (2) Woods's alleged assertion of his right to remain silent was not respected; (3) the state court made erroneous factual findings about the inculpatory statement Woods made to Amber Stamper, a children's services employee; (4) Stamper and another children's services employee, Randy Thompson, with whom Woods met prior to being charged, should have been classified as law enforcement officers (thus making it more likely that *Miranda* warnings were necessary during their questioning of him); and (5) Woods's convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.[2] (Doc. 1, #58, 68–73).

Following the filing of the state court record, (Doc. 7), and the State's Return of Writ, (Doc. 8), the Magistrate Judge reviewed the petition on the merits and recommended dismissing it with prejudice, (Docs. 16, 24). Armed with all the parties' briefing and objections, the Court then issued its Opinion and Order dismissing

---

[2] Although Woods did not list the fifth claim of error as a separate basis for habeas corpus relief, the Court construed his allegations that his convictions lacked sufficient evidentiary support and were against the manifest weight of the evidence as sufficient to raise a separate claim of error. (Doc. 46, #1849 n.5).

Woods's petition with prejudice on October 12, 2023. (Doc. 46). The Court agreed with the Magistrate Judge that under the proper Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standard of review, the Court sitting in habeas could not overturn the state court's rulings on Woods's motion to suppress and his convictions. Namely, this Court found that the state court made reasonable factual findings and reached legal determinations not contrary to clearly established Supreme Court precedent in affirming the denial of Woods's motion to suppress. (Doc. 46, #1854–62). Similarly, the Court agreed with the Magistrate Judge that the state court reasonably applied the law and made reasonable factual findings in holding that Woods's convictions were supported by sufficient evidence. (*Id.* at #1862–66). Because those rulings dispensed with Woods's claims of error, the Court dismissed the § 2254 petition with prejudice and entered judgment the same day. (*Id.* at #1867; Doc. 47).

Within the 28-day timeline set forth in Federal Rule of Civil Procedure 59(e), on November 7, 2023, Woods moved to alter or to amend the Court's judgment based on a claim that manifest injustice would result were the judgment to stand as is. (Doc. 48, #1870–71). In his motion, Woods largely rehashes his arguments, characterizations of the state court record, and theories as to why his motion to suppress should have been granted and why his convictions were not supported by sufficient evidence. (*Id.* at #1871–95, 1897–902). But that is not the entire story, as Woods also raises two new arguments not previously properly before the undersigned. First, Woods argues that the Court purportedly overlooked a transcript of his

3

interrogation that he believes reveals that his right to remain silent was violated when Chaffins kept questioning him. (*Id.* at #1895–97). Second, Woods raises a new claim of error related to the state of Ohio's failure to present evidence at his trial consonant with the bill of particulars in his case. (*Id.* at #1902–06). The Magistrate Judge issued an R&R the next day explaining that Woods's motion should be denied because it simply reiterates arguments thoroughly considered by the Court and rejected. (Doc. 49, #1910). Woods objected by amplifying his arguments about the Court's purported overlooking of a transcript of his interrogation and his newly raised bill-of-particulars claim. (Doc. 52).

The matters are ripe for the Court's review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a report and recommendation de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the R&R to which he objects with sufficient clarity for the Court to identify it, or else the

4

litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Woods is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Woods moves the Court to alter its judgment under Federal Rule of Civil Procedure 59(e). In the habeas context, a Rule 59(e) motion is not treated as a second or successive petition, so it need not comply with the high bar set forth in 28 U.S.C. § 2244(b) for the Court consider the motion's merits. *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020). Accordingly, courts analyze Rule 59(e) motions in the habeas

context under the same standard as applies to other civil suits. *See Lindsey v. Warden*, No. 1:03-cv-702, 2021 WL 3046633, at *1 (S.D. Ohio July 20, 2021). "In this circuit, a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551–52 (6th Cir. 2012). But "it is well-established in the Sixth Circuit that a Rule 59(e) … motion … does not allow the unhappy litigant to reargue the case.'" *Prows v. City of Oxford*, No. 1:22-cv-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023) (cleaned up); *accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) … 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Wright & Miller, Federal Prac. & Proc. § 2810.1 (2d ed. 1995))). In other words, a party may not use Rule 59(e) as the vehicle to raise a new claim for the first time. *Dean v. City of Bay City*, 239 F. App'x 107, 111 (6th Cir. 2007).

## LAW AND ANALYSIS

While Woods filed nominally labeled objections to the Magistrate Judge's R&R, they are the same arguments he has raised and re-raised throughout this litigation. (*See generally* Doc. 52 (citing to and reiterating arguments presented in his Rule 59(e) motion)). But as the Court explained in its previous Opinion and Order, "attempts to reiterate what has already been argued to the Magistrate Judge do not constitute proper objections to an R&R." (Doc. 46, #1857 (citing *Brown v. Hamilton Cnty.*, 1:19-

cv-969, 2022 WL 2816266, at *2 (S.D. Ohio July 19, 2022))). So the Court will review the Magistrate Judge's R&R for clear error—and the Court can see none.

As Woods acknowledges, his only basis for seeking reconsideration from the Court is his argument that manifest injustice will result. (Doc. 52, #1916). But he proffers no reason to conclude that the Court had strayed from the proper analysis under the correct level of deference owed to the state courts under AEDPA. For example, the Court already explained why Woods's insistence he was under custodial arrest before Deputy Sheriff Brian Chaffins began his interrogation, (*Id.* at #1917–20), does not render the state courts' contrary factual findings unreasonable or their opposing legal analysis contrary to clearly established Supreme Court law, (Doc. 46, #1857–59). Woods can choose to "re-plow[] the same ground," but that is not the proper use of Rule 59(e) motion—he should instead "register[] [his] disagreement [] by way of an appeal. *Dates v. HSBC*, No. 1:24-cv-81, 2024 WL 860918, at *9 (S.D. Ohio Feb. 29, 2024); *Prows v. City of Oxford*, No. 1:22-cv-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023) ("[T]he Court declines [Woods's Rule 59(e)] invitation to reconsider the same arguments. [He] may be correct that the Court erred. But his remedy for any such error lies in appeal, not further attempts to litigate here."). Simply, the Court agrees with the R&R that "[f]urther extensive writing on the[] issues [Woods has repeated at length] is not warranted." (Doc. 49, #1910).

That said, Woods also appears to raise something of a new challenge to the Court's decision not to disturb the state court's determination that Chaffins' interrogation of Woods did not violate Woods's right to remain silent. Specifically, he

now maintains that the Court did not have the proper transcript of that interrogation before it. (Doc. 52, #1917–18). But, while this argument is new, it is also untimely. Essentially, Woods wishes to object under Federal Rule of Civil Procedure 72(a) to three prior decisions the Magistrate Judge issued denying Woods's request to expand the state court record, in which he sought approval to file unauthenticated transcripts that purport to record his interrogation with Chaffins. (Doc. 27; Doc. 30; Doc. 36). But Woods never objected to these decisions, and the time for doing so (14 days from the entry of such orders) has long since passed—the last of these decisions was entered on June 2, 2022, (Doc. 36, #1805). Woods has not explained this significant delay, so the Court need not consider this tardy attempt to dispute the proper scope of the state court record.

But even if the Court were inclined to do so, Woods's argument provides no reason to disturb the Magistrate Judge's earlier rulings. As the Magistrate Judge explained, (Doc. 36, #1805), the state court record was filed on October 13, 2020, (Doc. 7), and the merits of Woods's petition were first considered in full on February 23, 2021, (Doc. 16), and again on April 2, 2021, (Doc. 24). Woods did not raise his concerns about the scope of the record until April 14, 2021, (*see* Doc. 25, #1622; Doc. 25-1)—a full six months after the record was filed and on the day the merits of the case and the Magistrate Judge's recommended disposition became ripe for this Court's review, (*see* Doc. 24, #1620). There is nothing clearly erroneous or contrary to law about the Magistrate Judge's denial of the motions to expand the record: not only are Woods's proffered transcripts unauthenticated and therefore not competent evidence of what

transpired during Chaffin's interrogation of Woods, but the proper time for his raising this concern with the Court was before its consideration of the merits. (Doc. 36, #1805). Accordingly, Woods fails to persuade the Court that it should reconsider its rulings on the merits of his § 2254 petition on account of this improper, untimely attempt to challenge the scope of the evidentiary record.[3]

Finally, to the extent that Woods argues that the Court should reconsider its decision on his insufficiency of the evidence claim because the state's evidence against him did not match the bill of particulars filed in his state case, the Court declines the invitation to do so. This is because a claim that the state varied the evidence proven at trial from the allegations set forth in a bill of particulars is a *distinct* legal claim from a challenge to one's conviction on the grounds that it is not supported by sufficient evidence. *Gebory v. Brigano*, 489 F.3d 752, 762–64 (6th Cir. 2007) (exploring the distinct legal analyses applicable to the two claims and analyzing both only because the petitioner had made both arguments in his direct appeal, habeas petition, and throughout the federal habeas proceedings). And this is the first time in this litigation Woods has properly made an argument directed at the variation between the evidence raised at trial and the allegations in the bill of particulars, rather than merely contesting that he could not have been proven guilty of the charged conduct

---

[3] Furthermore, even assuming the Court could review these unauthenticated transcripts, none of them present an account of Chaffins's interrogation of Woods that meaningfully differs from the transcription of the interaction the Court had copied from the state appellate court's decision. (*Compare* Doc. 25-1, #1692, 1701, Doc. 35, #1784, 1794, *with* Doc. 46, #1860 (quoting *State v. Woods*, 122 N.E.3d 586, 599 (Ohio Ct. App. 2018))). So the Court again concludes Woods has no valid basis for asking the Court to re-traipse through its extensive analysis of his claims of error. Simply, these unauthenticated (but not materially different) transcripts would not alter the Court's analysis.

beyond a reasonable doubt based on the evidence admitted at trial.[4] (*See* Doc. 1, #53–54, #57–58; Doc. 7, #330–38; Doc. 19, #1600–02; Doc. 25, #1661–65, 1668–72). But as the Court explained above, a Rule 59(e) motion is not a proper vehicle for raising a new claim of error for the first time. *Dean*, 239 F. App'x at 111. Accordingly, this newly raised claim provides no basis for this Court to reconsider its prior analysis.[5]

### CONCLUSION

Accordingly, the Court **ADOPTS** the R&R (Doc. 49), **OVERRULES** Woods's Objections (Doc. 52), and **DENIES** Woods's Motion to Alter or Amend Its Oct 12, 2023 Judgment (Doc. 48).[6]

**SO ORDERED.**

March 28, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court acknowledges that Woods raised a version of this argument in his Motion for Summary Judgment, (Doc. 38, #1809–16), that the Court denied as moot, (Doc. 46, #1866–67). But as the Magistrate Judge observed, that motion was "untimely by almost two years" and "was filed without leave of Court long after the [petition] had been fully briefed." (Doc. 40, #1822). In other words, Woods's first valid attempt to make this argument did not come until his Rule 59(e) motion.

[5] Of course, Woods's failure to raise this claim in his first federal habeas suit does not necessarily foreclose his attempting to have a federal court hear his new bill-of-particulars claim of error in another habeas proceeding. That said, were Woods to do so, he would face an uphill battle in explaining why that court should reach the merits of the claim: he will likely need to explain how he can overcome AEDPA's high bar to the filing of second or successive habeas petitions, 28 U.S.C. § 2244(b), its statute of limitations, *id.* § 2244(d), and the other doctrines of exhaustion and procedural default, (*see* Doc. 7, #330–38).

[6] Woods did not ask the Court to reconsider its prior decision to deny him a certificate of appealability under 28 U.S.C. § 2253(c). (Doc. 46, #1866). In light of the Court's decision to adhere to its prior analysis without amendment, it likewise declines to disturb that ruling.